# EXHIBIT A

SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue
New York, New York 10123
(212) 695-2000
By: JED R. SCHLACTER (JRS-4874)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CAMERON INDUSTRIES, INC.,                :     07 CIV 8335

        Plaintiff,                               :

    -against-                                   :     COMPLAINT

JUST FOR WRAPS, INC.,                         :

        Defendant.                              :
----------------------------------------------------------X

    Plaintiff, by its attorneys, SCHLACTER & ASSOCIATES, for its complaint against defendant, alleges:

### JURISDICTION

1.    This action, as more fully stated below, is for, inter alia, copyright infringement, unfair trade practices and unfair competition; arises under Title 17 of the United States Code; jurisdiction is vested in this Court under 28 U.S.C. Sections 1338(a) and 1338(b); and proper venue exists under 28 U.S.C. Sections 1400(a) and 1391.

## THE PARTIES

2. Plaintiff, CAMERON INDUSTRIES, INC. (hereinafter referred to as "Cameron") is a domestic corporation duly organized and existing under the laws of the State of New York, with an office located at 1375 Broadway, New York, NY 10018. Plaintiff is a textile converter, selling finished textile piece goods to, among others, garment manufacturers.

3. Upon information and belief, defendant JUST FOR WRAPS, INC. (hereinafter referred to as "Wraps") is a foreign corporation with offices at 5815 Smithway Street, Commerce, California 90040 and 1407 Broadway, New York, NY 10018. Said defendant is a manufacturer/importer of finished ladies apparel, which sells such apparel to retail stores.

## PLAINTIFF'S COPYRIGHTED WORK

4. In 2004 an original work of art was created by Form Studio s.r.l. ("Form"), and identified as "BR 400432".

5. On or about December 14, 2004, Form transferred and assigned, for valuable consideration, any and all of Form's worldwide rights, title and interest in the design called BR

400432, to the plaintiff herein, including but not limited to the copyright thereto and any and all causes of action for prior, present and/or future infringements of such copyright. Thereafter, plaintiff created a fabric design repeat utilizing the design BR 400432, and identified this new design as "Pattern No. 22797".

6. Since on or about May 7, 2005, plaintiff's Pattern No. 22797 was produced on fabrics, which fabrics are also identified as Pattern No. 22797.

7. The design of Pattern No. 22797 is wholly original and is copyrightable subject matter under the laws of the United States.

8. In or about May 7, 2005, plaintiff began selling fabrics bearing the design known as Pattern No. 22797.

9. All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as Pattern No. 22797, identified as follows: Registration No. VA 1-339-483.

10. Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

11. A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "A".

12. Subsequent to the publication by plaintiff of its Pattern No. 22797 involved herein, defendant, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

13. A photocopy of plaintiff's copyrighted design known as Pattern No. 22797 is annexed hereto as Exhibit "B", and a photocopy of defendant's said infringement is annexed hereto as Exhibit "C".

14. All of defendant's acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

15. Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design Pattern No. 22797.

16. Plaintiff's copyrighted design incorporated carefully prepared and fashionable color combinations, which color combinations aided greatly in the sale of garments bearing the copyrighted design.

17. As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabric design and garments have acquired a substantial market value in the trade.

18. Defendant has a design obviously copied from plaintiff's copyrighted design, which copy defendant has been offering and continues to offer for sale. The design printed on defendant's garments is substantially similar to plaintiff's copyrighted design.

19. Defendant's infringing design (Exhibit "C") is unmistakably copied from plaintiff's design (Exhibit "B").

20. Defendant's garments, when viewed by a consumer, would appear to be substantially similar to a garment of like style bearing plaintiff's copyrighted design.

21. Upon information and belief, defendant has produced its garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

22. Defendant, by its acts as aforesaid, has taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and has capitalized upon the market created for plaintiff's design.

23. By defendant's use of a design and color combination virtually identical with plaintiff's design and color combination, defendant has been and will continue to be able to pass off and sell its garments as a substitute for the garments sold by customers of plaintiff.

24. The aforesaid acts of defendant in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair

competition in that defendant has thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendant's garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design has caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendant continues to market the copied design.

25.  Plaintiff has been damaged by the acts of defendant alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendant is further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff demands:

(1)  That defendant, its agents, employees and servants be enjoined pendente lite and permanently from infringing the said Copyright No. VA 1-339-483 of plaintiff covering its Pattern No. 22797 in any manner and from publishing, selling, marketing or otherwise disposing of any textiles and garments imprinted with a design copied from plaintiff's said copyrighted design.

 (2) That defendant be required to pay to plaintiff damages in the amount of One Million ($1,000,000.00) Dollars, plus interest, which plaintiff has sustained in consequence of defendant's infringement of said Copyright and said unfair trade practices and unfair competition and to account for:

  (a) all gains, profits and advantages derived by defendant in its infringement of plaintiff's Copyright or such damages as to the Court shall appear proper within the provisions of the copyright statutes, and

  (b) all gains, profits and advantages derived by defendant by said unfair practices and unfair competition.

 (3) That defendant be required to deliver up to be impounded during the pendency of this action, all copies of said reproduction of said work of art in its possession or under its control, and to deliver up for destruction all infringing copies and rollers, screens, plates, molds, and other matter for making such infringing copies.

 (4) That defendant pay to plaintiff the costs of this action and reasonable attorneys' fees to be allowed to the plaintiff by the Court.