UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
CAMERON INDUSTRIES, INC.

               Plaintiff,               07 CIV 8335 (GBD)
                                                ECF CASE

             - against -

JUST FOR WRAPS, INC.

               Defendant.

------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant Just For Wraps, Inc. ("Wraps") hereby submits its memorandum of law in support of its motion to dismiss the non-copyright claims in the complaint on the grounds that they are preempted by the Copyright Act of 1976 (the "Copyright Act") and are not factually supported.

### I. Introduction

The complaint in this action sounds only in copyright infringement. In addition to the copyright infringement cause of action, Plaintiff Cameron Industries, Inc. ("Plaintiff") alleges "inequitable conduct," unfair competition and unfair trade practices. However, those allegations are merely conclusory and are factually insufficient to support the non-copyright claims.

In view of the foregoing, Wraps respectfully submits that the non-copyright claims be dismissed pursuant to F.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

## II. FACTS

The facts underlying this motion are not in dispute. This case concerns only Wraps' alleged use of a copyrighted fabric pattern in its clothing products. (Complaint at ¶¶ 12-25, attached to the accompanying declaration of Andrew Berger as Exhibit A). No alleged facts relate to any other products, designs or activities of Wraps.

The complaint attempts to allege causes of action for copyright infringement, unfair competition, unfair trade practices, and "inequitable conduct." (*Id.* at ¶¶ 1, 12, and 24.) Plaintiff does not set forth each cause of action under separate headings in the complaint. Instead, these causes of action are found in ¶¶ 1, 12 and 24 of the complaint, which provide, in pertinent part, as follows:

> 1. This action, as more fully set forth below, is for, inter alia, **copyright infringement, unfair trade practices and unfair competition**; arises under Title 17 of the United States Code. .....
>
> ...
>
> 12. Subsequent to the publication by plaintiff of its Pattern No. 22797 involved herein, defendant, with full knowledge of the rights of plaintiff therein, **infringed plaintiff's Copyright on such design** by reproducing, displaying, manufacturing, printing, ... garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, ... all in violation of the

> rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.
>
> ...
>
> 24. The aforesaid acts of defendant in copying plaintiff's design and color combination and selling copies of same constitutes **inequitable conduct, unfair trade practices, and unfair competition** in that defendant has thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendant's garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design has caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendant continues to market the copied design. (emphasis added)

The remaining paragraphs merely make statements concerning the elements, facts and relief sought regarding plaintiff's copyright infringement claim, such as, by way of example, originality (¶ 7), registration (¶¶ 9 and 11), developmental expense and effort (¶¶ 15 and 17), Wraps' alleged copying (¶¶ 18 and 19), and substantial similarity of the parties' designs (¶ 20).

### III. STANDARDS UNDER F.R.Civ.P. 12(b)(1) AND 12(b)(6)

F.R.Civ.P. 12(b)(1) and (6) provide that a complaint may be dismissed for "(1) lack of jurisdiction over the subject matter, ... (6) failure to state a claim upon which relief may be granted."

In the complaint, the alleged statutory bases for subject matter jurisdiction are 17 U.S.C. §§ 1338(a) and (b). (*Id.* at ¶ 1.) Section 1338(a) confers subject matter jurisdiction based only on claims involving "patents, plant variety

protections, copyrights and trademarks." 28 U.S.C. § 1338(a). Only the term "copyrights" in that list is conceivably related to the allegations in this case. Section 1338(b) provides for subject matter jurisdiction based only on claims supporting "unfair competition" if joined with a claim listed in Section 1338(a). 28 U.S.C. § 1338(b). Because, as explained below, there are insufficient facts to support an unfair competition claim, there is no subject matter jurisdiction here for a non-copyright claim. The non-copyright claims should therefore be dismissed. F.R.Civ.P. 12(b)(1).

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, the Court must accept all of the well-pleaded facts as true and consider those facts in the light most favorable to the non-moving party. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683 (1974); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. U.S.,* 82 F.3d 23, 26 (2d Cir. 1996) (internal quotations omitted). However, allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, are insufficient as a matter of law. *See Marin v. N.Y. State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir. 1978). Here, there are only conclusory allegations regarding "inequitable conduct," unfair competition and unfair trade practices. The facts do not support those causes of action but instead only sound in copyright.

## IV. PLAINTIFF'S NON-COPYRIGHT CLAIMS SHOULD BE DISMISSED AS UNSUPPORTED BY THE ALLEGATIONS OF THE COMPLAINT AND PREEMEPTED BY THE COPYRIGHT ACT

### A.  Failure to State Facts Supporting a Non-Copyright Cause of Action

As explained above, the facts pleaded in the complaint support only a copyright infringement claim, not an unfair competition or unfair trade practices claim. As stated in *Orange County Choppers, Inc. v. Olaes Enterprises, Inc.*, 497 F. Supp. 2d 541 (S.D.N.Y. 2007):

> ODM's unfair competition claim does not, for example, allege that OCC breached a fiduciary duty or a confidential relationship or disclosed trade secrets-- allegations that would make it qualitatively different [than a copyright infringement claim]. *See Computer Assocs. Int'l*, 982 F.2d at 717; *Irwin v. ZDF Enterprises GmbH*, No. 04 CIV. 8027, 2006 WL 374960, at *5 n.4 (S.D.N.Y. Feb. 16, 2006) ("While there may be circumstances under which an unfair competition claim would not be preempted by federal copyright law, such as where such claims were based upon breaches of confidential relationships, breaches of fiduciary duties and trade secrets, ... none of these grounds underlie Plaintiffs' claim of unfair competition in the instant case."). Clearly, ODM's unfair competition and copyright infringement claims are duplicative in substance and objective and are thus governed exclusively by the Copyright Act. Accordingly, ODM's claim for unfair competition must be dismissed.

*Id.* at 556.

The circumstances of this case are essentially the same as those in *Orange County Choppers*. While Plaintiff has pleaded a copyright infringement claim, it has not pleaded an unfair competition or unfair trade practices claim involving such circumstances as a breach of a confidential relationship.

Plaintiff has also pleaded "inequitable conduct," in addition to unfair competition and unfair trade practices. "Inequitable conduct" is not a cause of action but instead a defense to a patent infringement claim. See *Nilssen v. Osram Sylvania, Inc.,* 504 F.3d 1223, 1229 (Fed Cir. 2007) (affirming inequitable conduct defense in a patent case). Of course, there are no patent issues in this case and so not only is "inequitable conduct" not a basis for affirmative relief, it is irrelevant to this action.

### B.   Preemption by the Copyright Act

As explained above, the allegations, claims and relief for unfair competition are all premised on the same copying and distribution assertions. The law is clear that such state law claims are preempted. *Hudson v. Imagine Entertainment Corp.*, 128 Fed.Appx. 178 (2d Cir. 2005)("We agree with the district court that his unfair competition claim is preempted by federal law, as it does not 'include any extra elements that make[s] it qualitatively different from a copyright infringement claim.'") [citing to] *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304-06 (2d Cir.2004)(finding plaintiff's unjust enrichment claim under New York law preempted by the Copyright Act); *Computer Associates Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716-17 (2d Cir.1992) (stating that unfair competition claims grounded solely on copying are preempted); *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 247 (2d Cir. 1983) (same as *Briarpatch* ).

"The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to

vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C.§106." *Briarpatch*, 373 F.3d at 305 (2d Cir. 2004) (citing 17 U.S.C. § 301(a) regarding copyright preemption); *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir. 1997). The first prong of this test is called the "subject matter requirement," and the second prong is called the "general scope requirement." *See Nat'l Basketball Ass'n,* 105 F.3d at 848.

The "subject matter requirement" is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falls within the ambit of one of the categories of copyrightable works. *Id,* at 848-49. The fabric design at issue here is clearly fixed in a tangible medium of expression, the fabric. *See Queenie, Ltd. v. Nygard Int'l,* 321 F.3d 282 (2d Cir. 2003)(affirming non-infringement of fabric design copyrights). The statutory copyright categories include "pictorial" works, the category for the copyrightable work at issue in this action. *See* 17 U.S.C. § 102(a). Therefore, the first preemption prong is met.

The second prong--the general scope requirement--"is satisfied only when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." *Briarpatch,* 373 F.3d at 305 (citing *Computer Associates,* 982 F.2d at 716).

The Second Circuit, in applying this prong of the copyright preemption test, has held that the presence of an "extra element" not required for copyright infringement takes the cause of action out of the ambit of preemption. *Samara Brothers, Inc. v. Wal-Mart Stores,* 165 F.3d 120, 131-32 (2nd Cir. 1998), *rev'd on*

*other grounds,* 592 U.S. 205 (2000).  However, "unfair competition and misappropriation claims grounded **solely in the copying** of a plaintiff's protected expression are preempted by [the Copyright Act]."  *Id.* at 131 (emphasis added).

In this case, the allegations of the complaint are based "solely in the copying" of Plaintiff's fabric design.  No "extra element" is pleaded here.  Therefore, the second prong of the preemption test is met. Plaintiff's non-copyright claims should thus be dismissed under F.R.Civ.P. 12(b)(1) and (6).

### V. THE NON-COPYRIGHT CLAIMS SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

A court should not dismiss a complaint without leave to amend "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Franum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1999)(quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  Since the requisite circumstances are present here, namely Plaintiff can prove no set of facts that would entitle it to relief other than copyright infringement, the complaint's non-copyright claims should be dismissed without leave to amend.

### VI. CONCLUSION

For the foregoing reasons, the non-copyright claims in the complaint should be dismissed under F.R.Civ.P.12(b)(1) and (6) without leave to amend.

Dated: December 14, 2007

Tannenbaum Helpern Syracuse & Hirschtritt LLP

By: _____
Andrew Berger (AB 4723)
900 Third Avenue
New York, New York 10022
(212) 508-6700
Attorneys for Defendant
Just For Wraps, Inc.