1  Surjit P. Soni    (State Bar No. 127419)
   Ronald E. Perez (State Bar No. 151199)
2  THE SONI LAW FIRM
   55 South Lake Avenue, Suite 720
3  Pasadena, California  91101
   (626) 683-7600 FAX: (626) 683-1199
4  surj@sonilaw.com
   ron@sonilaw.com
5
   Attorneys for Defendant,
6  JUST FOR WRAPS, INC.

7

8                 UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF NEW YORK

10

11  CAMERON INDUSTRIES, INC.,          ) Case No. 07 Civ. 8335
                                       )
12                    Plaintiff,       )
                                       ) **DEFENDANT JUST FOR WRAPS'**
13        -against-                    ) **ANSWER AND COUNTERCLAIM**
                                       )
14  JUST FOR WRAPS, INC.,              )
                                       ) Amended Complaint filed:
15                    Defendant.       )      July 15, 2008
    _____)

16

17

18

19        Just for Wraps, Inc. ("Defendant") answers the above captioned Complaint of

20  Cameron Industries, Inc. ("Plaintiff") and asserts its affirmative defenses and

21  counterclaim as follows:

22

23                      **JURISDICTION AND VENUE**

24        1.    In answer to the allegations contained in Paragraph 1 of the Complaint,

25  Defendant admits the action arises under the Copyright Act of 1976, Title 17 U.S.C.

26  § 101, *et seq.*  Defendant admits that this Court has federal question jurisdiction under

27  28 U.S.C. §§ 1391(c) and 1338 (a), (b).  Defendant admits venue is proper in this

28  District.

**PARTIES**

2.    In answer to the allegations contained in Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

3.    Defendant is a California corporation and does business in California at 5815 Smithway Street, Commerce, CA  90040 and has an office at 1407 Broadway New, York, NY 10018.  Defendant admits that it sells apparel to retail stores.  Since Plaintiff has not defined the terms in Paragraph 3 that are not within common industry usage, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, and on that basis denies them.

**PLAINTIFF'S COPYRIGHTED WORK**

4.    In answer to the allegations contained in Paragraph 4 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

5.    In answer to the allegations contained in Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

6.    In answer to the allegations contained in Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

7.    Defendant denies the allegations contained in Paragraph 7.

8.    In answer to the allegations contained in Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

9.    Defendant denies the allegations contained in Paragraph 9.

10.    In answer to the allegations contained in Paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations, and on that basis denies them.

11.     In answer to the allegations contained in Paragraph 11 of the Complaint, Defendant admits that a Certificate of Registration is annexed to the Complaint as Exhibit "A", but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12.

13.     In answer to the allegations contained in Paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the origin and identity of the photocopies in Exhibits "B" and "C" annexed to the Complaint, and on that basis denies the allegations contained in Paragraph 13.

14.     Defendant denies the allegations contained in Paragraph 14.

15.     Defendant denies the allegations contained in Paragraph 15.

16.     Defendant denies the allegations contained in Paragraph 16.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

19.     Defendant denies the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant denies the allegations contained in Paragraph 22.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant's alleged activities does not infringe or otherwise violate any alleged rights of Plaintiff under the Copyright Act.

///

///

DEFENDANT JUST FOR WRAPS'
ANSWER AND COUNTERCLAIM
Case No. 07 Civ. 8335

1

## SECOND AFFIRMATIVE DEFENSE

2   Upon information and belief, copyright protection is not available for

3   Plaintiff's alleged design because the design is not original.

4

5

## THIRD AFFIRMATIVE DEFENSE

6   Upon information and belief, Plaintiff does not have a valid claim for copyright

7   infringement because Defendant's two-dimensional graphic artworks were created

8   independently without reference to Plaintiff's alleged design.

9

10

## FOURTH AFFIRMATIVE DEFENSE

11   Upon information and belief, Plaintiff failed to register its copyright within five

12   years of the first publication of the work.  Accordingly, the presumption in 17 U.S.C.

13   § 410 that registration constitutes *prima facie* evidence of the validity of the

14   copyright is not applicable.

15

16

## FIFTH AFFIRMATIVE DEFENSE

17   Upon information and belief, Plaintiff has suffered no damage and/or has failed

18   to mitigate its damages, if any.

19

20

## SIXTH AFFIRMATIVE DEFENSE

21   Upon information and belief, Plaintiff's copyright registration is invalid.

22

23

## SEVENTH AFFIRMATIVE DEFENSE

24   The alleged damages sustained by Plaintiff, if any, are the proximate result of

25   the acts and/or commissions of parties over which Defendant exercised no control.

26

27

## EIGHTH AFFIRMATIVE DEFENSE

28   The Complaint fails to join a necessary and/or indispensable party, namely the

1  rightful owner of the Copyright.

2

3  ## NINTH AFFIRMATIVE DEFENSE

4  Upon information and belief, the Complaint and each and every purported

5  claim for relief set forth therein are barred because the alleged transfer of copyright

6  from the original authors to Plaintiff violates the Copyright Act.

7

8  ## TENTH AFFIRMATIVE DEFENSE

9  Upon information and belief, Plaintiff lacks standing to bring this action.

10

11  ## ELEVENTH AFFIRMATIVE DEFENSE

12  Upon information and belief, the Complaint and each and every purported

13  claim for relief set forth therein are barred by the doctrine of unclean hands.

14

15  ## TWELFTH AFFIRMATIVE DEFENSE

16  Defendant is informed and believes and thereon alleges that the Complaint fails

17  to state a claim upon which relief can be granted.

18

19  ## THIRTEENTH AFFIRMATIVE DEFENSE

20  Defendant is informed and believes and thereon alleges that the Complaint is

21  barred by the doctrine of waiver.

22

23  ## DEFENDANT'S COUNTERCLAIM

24  1.    Defendant Just for Wraps, Inc. hereby asserts the following counterclaim

25  against Plaintiff and Counterdefendant Cameron Industries, Inc.

26  2.    Defendant's counterclaim for declaratory relief is brought pursuant to the

27  Declaratory Judgment Act, 28 U.S.C. §§2201, *et seq.*, and the Copyright Act, 17

28  U.S.C. § 101, *et seq.*

3.     This Court has subject matter jurisdiction over Defendant's counterclaim pursuant to 28 U.S.C. §§1331 and 1338.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Counterdefendant is subject to personal jurisdiction within it.

## THE PARTIES

5.     Just for Wraps, Inc. is a California corporation.

6.     Upon information and belief, Counterdefendant is a New York corporation with its principal place of business in New York, NY.

## GENERAL ALLEGATIONS

7.     Counterdefendant has alleged that the Defendant has sold goods bearing Counterdefendant's Subject Design (as defined in Paragraphs 4-13 of the Complaint).

8.     Counterdefendant has alleged that Defendant infringes U.S. Copyright Registration No. VA 1-339-483.

9.     Upon information and belief, Counterdefendant's Subject Design is a reproduction created by an individual and/or entity other than, and not affiliated in any way, with Counterdefendant.

10.    Upon information and belief, the design of Defendant's accused garments were created long before Counterdefendant or its agents first fixed its Subject Design.

11.    Upon information and belief, other manufacturers and merchants have also incorporated Defendant's public-domain design into and on other goods.

## COUNTERCLAIM
(Declaration of Invalidity of Plaintiff's Copyright)

12.    Defendant hereby incorporates by reference the allegations of Paragraphs 1 through 11 of the Counterclaim above.

DEFENDANT JUST FOR WRAPS'
ANSWER AND COUNTERCLAIM
Case No. 07 Civ. 8335

13.    Counterdefendant has sued Defendant for infringement of U.S. Copyright Registration No. VA 1-339-483.  Therefore, there is substantial, actual and continuing controversy between the parties herein as to the infringement, validity and enforceability of  U.S. Copyright Registration No. VA 1-339-483.

14.    U.S. Copyright Registration No. VA 1-339-483 is invalid because the subject design is not an original work and are the result of fraud and deceit.

15.    Defendant therefore seeks a declaration that U.S. Copyright Registration No. VA 1-339-483 is invalid and unenforceable.  Such declaration will completely and finally resolve the parties' rights with respect to the purported copyright.

## **PRAYER**

(1)    Plaintiff take nothing by way of its Complaint, and that the Complaint be dismissed with prejudice;

(2)    Plaintiff's request for pendente lite and permanent injunctions be denied with prejudice;

(3)    The Court enter judgment that U.S. Copyright Registration No. VA 1-339-483 is invalid and unenforceable;

(4)    Defendant be awarded costs and reasonable attorney fees from Plaintiff; and

(5)    The Court grant such and further relief as it deems just.


Dated:  July 28, 2008                     Respectfully submitted,

                                          THE SONI LAW FIRM


                                          By:_____
                                               Surjit P. Soni
                                               Ronald E. Perez
                                          Attorneys for Defendant
                                          JUST FOR WRAPS, INC.

1

## DEMAND FOR JURY TRIAL

2    Defendant and Counterclaimant Just for Wraps, Inc. hereby demands a jury

3  trial in the above-entitled action.

4

5  Dated:  July 28, 2008                Respectfully submitted,

6                                       THE SONI LAW FIRM

7                                       By: _____

8                                           Surjit P. Soni
                                            Ronald E. Perez
9                                       Attorneys for Defendant
                                        JUST FOR WRAPS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT JUST FOR WRAPS'
ANSWER AND COUNTERCLAIM
Case No. 07 Civ. 8335

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action; my business address is 55 South Lake Avenue, Suite 720,

4

Pasadena, California 91101.

5

     On **July 28, 2008**, I served the foregoing document described as **DEFENDANT JUST FOR WRAPS' ANSWER AND COUNTERCLAIM** to the interested parties in this action by placing a

6

true copy thereof, enclosed in a sealed envelope addressed as follows:

7

8

Jed R. Schlacter, Esq.
SCHLACTER & ASSOCIATES
450 Seventh Avenue, Suite 1308

9

New York, NY 10123-0101

10

**[X]**    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing

11

correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course

12

of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in

13

affidavit.

14

[]    (PERSONAL SERVICE) I caused the above referenced document to be personally served by hand on the addressees listed above

15

[]    (VIA FEDERAL EXPRESS) I caused such envelope to be delivered to addressees listed

16

above.

17

[]    (FACSIMILE) I caused the attached document to be transmitted to:  the above addressees

18

[]    (ELECTRONIC MAIL) I caused the attached document to be transmitted to:  the above addressees

19

20

    I declare under penalty of perjury that the foregoing is true and correct.

21

    Executed on **July 28, 2008**, at Pasadena, California.

22

23

24

Ronald E. Perez

25

26

27

28