USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 4 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CAMERON INDUSTRIES, INC.,  :   07 Civ. 8335 (Daniels)

        Plaintiff,  :

   -against-  :   CONFIDENTIALITY
                                        STIPULATION AND
                                  :   ORDER

JUST FOR WRAPS, INC.,
                                  :

        Defendant.
------------------------------------------------------------X

      **WHEREAS,** the parties have recognized and agreed that this lawsuit will or may require the disclosure to opposing parties of information considered by the disclosing party to be confidential, and

      **WHEREAS,** the parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation and therefore wish to agree on a reasonable means of protecting such information from being placed on the public record or being disclosed to third parties; and

      **WHEREAS,** good cause exists for entry of a confidentiality protective order;

      **IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned counsel for the above-captioned parties as follows:

      1.    This Confidentiality Stipulation and Order ("Order") governs the handling of confidential information contained in documents, deposition testimony and deposition exhibits,

Confidentiality Stip-Cameron-Just for Wraps       1

trial testimony, interrogatory responses, answers to requests for admissions and other discovery devices and materials ("Discovery Material") produced by or obtained from or relating to any of the parties to this action.

2. If any party hereto believes that the Discovery Material in the action contains or discloses trades secrets, proprietary or commercial information, personnel records of corporate employees, or any other commercially or personally sensitive information of a non-public nature, it may designate such Discovery Material as "Confidential" by prominently marking the same "Confidential" or, if this is not practicable, by advising opposing counsel of such designation in writing.

3. The parties may also designate Confidential Discovery Material as "Confidential-Attorneys' Eyes Only". A producing person or party shall make the Confidential-Attorneys' Eyes Only designation only as to Confidential Discovery Material which that person or party in good faith believes is of a nature that disclosure would harm the personal or competitive position of the producing party.

4. Any party may, on the record of the deposition or by written notice to counsel for all parties, no later than 30 days after receipt of a deposition transcript, designate all or any portion thereof, including exhibits, as Confidential or Confidential-Attorneys' Eyes Only under the terms of this Order. During the 30 day period, all transcripts, exhibits and information contained herein will be deemed to be Confidential-Attorneys' Eyes Only in their entirety under the terms of this Stipulation and Order. All copies or parts thereof of deposition transcripts and exhibits that contain confidential matter shall be prominently marked Confidential or Confidential-Attorneys' Eyes Only on the cover thereof and on every page so designated.

5.  Discovery Material designated Confidential and/or Confidential Attorneys' Eyes Only shall be used solely for the purpose of this or related litigation, including in the preparation for trial, at trial and/or in connection with any appeal of this action and shall not be used for any other purpose whatsoever.

6.  In the event any of the parties hereto obtain documents or material by virtue of subpoenas issued to third parties, either party may also advise the others in writing, of the intent to consider said documents or material as Confidential and/or Confidential-Attorneys' Eyes Only pursuant to the terms of this Order.

7.  Confidential Discovery Material shall be produced to and used solely by (i) the parties, including all officers, directors or employees of a party, former or current, assisting in the prosecution or defense of the action and for whom it is necessary to disclose the Confidential Discovery Material, all of whom shall be advised of and agree to be bound by the terms of this Order and (ii) the parties' attorneys of record, who shall not disclose or permit disclosure of the Confidential Discovery Material or the contents thereof, except to the following persons:

   (a) their law partners, associates, paralegal and other persons employed by the law offices of such attorneys;

   (b) outside vendors, such as copy centers or translation services specifically engaged to assist counsel with the prosecution or defense of this action;

   (c) bona fide outside experts or consultants and their employees, not on the staff of any party, consulted by such attorneys for assistance in their prosecution or defense of the claims in this litigation;

   (d) a person whose deposition is to be taken in connection with this litigation,

but only to the extent necessary for the deposition;

(e) the authors and the original recipients of the documents;

(f) other persons, upon written consent of the producing parties or with leave of the Court after notice to the party producing such Confidential Discovery Material;

(g) the Court, Court personnel and members of any jury, including alternates, impaneled to hear his matter; and

(h) Claims adjusters, counsel, and/or employees of any insurance company that may be obligated, in whole or part, to defend or indemnify a party in the instant action.

8. Use of any Discovery Material marked Attorneys' Eyes Only, including all information derived therefrom, shall be restricted solely to the following persons, who are to be advised of and agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

(a) outside counsel for any party to the above-captioned litigation, and all employees of outside counsels' firm, including but not limited to paralegal assistance and clerical employees;

(b) bona fide outside experts or consultants and their employees, not on the staff of any party, consulted by the parties' outside attorneys for assistance in the prosecution or defense of the claims in this litigation;

(c) the authors and the originals recipients of the documents;

(d) upon agreement of the producing party or with leave of Court after notice

to the party producing, any person of whom testimony is taken provided that there is a reasonable basis for such disclosure and that such person may only be shown copies of "Attorneys' Eyes Only" material during his or her testimony, and may not retain any "Attorneys' Eyes Only" Material.

(e) other persons, upon written consent of the producing party or with leave of the Court after notice to the party producing Attorneys' Eyes Only Discovery Material;

(f) the Court, Court personnel and members of any jury, including alternates, impaneled to hear this matter; and

(g) Claims adjusters, counsel, and/or employees of any insurance company

that may be obligated, in whole or part, to defend or indemnify a party in the instant action.

9. Each person to whom Confidential Discovery Material or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof is to be disclosed pursuant to paragraph 7 (i) and 7 (ii) (b) - (f) and 8 (b) - (e) above, shall agree to be bound thereby;

(a) that he or she has read a copy of this Order and agrees to be bound thereby;

(b) that he or she will not disclose such Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof to any person not entitled thereto under this Order; and

(c) that he or she will not use such Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof except in connection

with this litigations.

With respect to persons designated in paragraphs 7(i), 7(ii) (b)-(f) and 8(b)-(e), such agreement shall be manifested by the signature of each person on a copy of Appendix A hereto, which shall be maintained by the attorney for the party who has disclosed the Confidential Discovery Material to such person.

10. This Order shall not be construed to prevent any parties from making copies of any Confidential or Confidential-Attorneys' Eyes Only Discovery Material hereby disclosed. However, all such copies shall be subject to the provisions of this Order.

11. In the event that any Confidential or Confidential-Attorneys' Eyes Only Material is used in any court proceeding in connection with this litigation, it shall not lose its Confidential or Confidential-Attorneys' Eyes Only status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. If the Court does not permit a party to file confidential information under seal, the parties shall be able to file, and rely upon, such information to prosecute and/or defend against this case.

13. If portions of documents or other Discovery Materials deemed Confidential or Confidential-Attorneys' Eyes Only are filed with the Court, they shall be filed under seal and marked as follows:

**CONFIDENTIAL OR ATTORNEYS' EYES ONLY**
IN ACCORDANCE WITH A CONFIDENTIALITY ORDER, THE ENCLOSURES SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 7(G) AND 8(F) OF THE CONFIDENTIAL ORDER.

14. Each individual who received any Confidential or Confidential-Attorneys' Eyes Only Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Confidentiality Order.

15. A party shall not be obligated to challenge the propriety of a Confidential or Confidential-Attorneys' Eyes Only designation at the time made, and failure to do so shall not preclude subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the confidential status of any information may request appropriate relief from the Court. The burden of establishing that information has been properly designated as Confidential or Confidential-Attorneys' Eyes Only is on the party making such designation. Discovery Material designated as Confidential or Confidential-Attorneys' Eyes Only shall be treated as so designated unless and until the Court directs otherwise.

16. The inadvertent production of privileged material shall not be deemed a waiver of the applicable privilege.

17. Nothing herein shall prevent any person from seeking, by written agreement of the

parties or Court order, further, greater, or lesser protection with respect to the use of any Confidential or Confidential-Attorneys' Eyes Only Materials in connection with this Action.

18. Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Order shall not:

   (a) prejudice or effect in any way the rights of any party to this action to object to the production of documents its considers not subject to discovery under the F.R.C.P. or otherwise;

   (b) prejudice in any way the rights of a party to seek a court determination:

      (i) whether particular discovery material should be produced; or

      (ii) if produced, whether such discovery material should be subject to the terms of this Stipulation and Order;

   (c) prejudice, affect or apply to statutory or common law privileges, all of which are preserved and may be asserted by any party irrespective of the provisions of this Order; or

   (d) prejudice or affect in any way the rights of any party to this action to object upon any ground to the admission of any document or thing into evidence at the time of trial or otherwise.

19. In the event additional persons become parties to this litigation, they shall not have access to Confidential or Confidential-Attorneys' Eyes Only Discovery Material produced by or obtained by any parties to this action until the newly joined party, by its counsel, has executed and filed with the Court a copy of this Order.

20. Upon conclusion of this litigation, whether by judgment, settlement or otherwise

(and after exhaustion of all appeals), all Confidential or Confidential-Attorneys' Eyes Only Discovery Materials, and copies thereof, shall be returned to counsel for the producing party or such Discovery Material shall be certified to have been destroyed.

21. This Agreement may be executed in counterparts, each of which shall be an original, with the same effect as if the signatures thereto were upon the same instrument.

Dated: New York, New York
July 25, 2008

SCHLACTER & ASSOCIATES
Attorneys for Plaintiff

By: _____
Jed R. Schlacter (JRS-4874)
450 Seventh Avenue, Suite 1308
New York, NY 10123
(212) 695-2000

THE SONI LAW FIRM
Attorneys for Defendant

By: _____
Surjit P. Soni (SB #127419)
55 South Lake Avenue, Suite 720
Pasadena, CA 91724
626 683-7600

SO ORDERED AUG 4 2008

_____
Judge George Daniels
HON. GEORGE B. DANIELS

## APPENDIX A

I _____ hereby agree that: (a) I have read a copy of this Confidentiality Stipulation and Order and agree to be bound thereby; (b) I will not disclose any Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof to which I become privy to any person not entitled thereto under the terms of this Confidentiality Stipulation and Order; and (c) I will not use such Confidential or Confidential-Attorneys' Eyes Only Discovery Material or the contents thereof except in connection with this litigation.

Signature: _____   Date: _____

Print Name: _____